IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **DEANNA TANNER**, <br><br> Plaintiff, <br><br> v. <br><br> **T.J. MAXX, INC.**, and **THE TJX COMPANIES, INC.**, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br> (Premises Liability) <br><br> Claim:           $300,000.00 <br><br> Fee Authority:   ORS 21.160(1)(c) <br><br> CLAIM NOT SUBJECT TO MANDATORY ARBITRATION <br><br> JURY TRIAL DEMANDED |

Plaintiff alleges the following:

NATURE OF THE ACTION

1.

Plaintiff Deanna Tanner brings this civil action and complaint for damages against Defendants T.J. Maxx, Inc., and The TJX Companies, Inc., for negligence to redress the injuries that Plaintiff sustained when a clothing display wall fell on her while she was shopping at a T.J. Maxx, owned and operated by Defendants, on October 2, 2018. Plaintiff seeks compensation for her damages.

JURISDICTION

2.

This court has subject matter jurisdiction over this action because no law has divested this court of subject matter jurisdiction. Or Const, Art VII (Original), § 9; Or Const, Art VII

(Amended) § 2.

3.

This court has personal jurisdiction over Defendants because this is an action for personal injury arising out of acts and omissions by Defendants within the State of Oregon. ORCP 4 C.

VENUE

4.

Venue is proper in Multnomah County because Defendants are foreign corporations with businesses that are located throughout the Portland metropolitan area and Multnomah County. ORS 14.080(2).

**CLAIM FOR RELIEF: NEGLIGENCE**

(Premises Liability)

5.

Defendants are foreign corporations that own and operate retail clothing stores in Oregon under the name "T.J. Maxx."

6.

On October 2, 2018, Plaintiff was shopping at the T.J. Maxx in Beaverton, Oregon.

7.

While Plaintiff was shopping at the T.J. Maxx, she was seated in and transporting herself using a mobility scooter for disabled persons. Plaintiff is disabled. The mobility scooter had a basket for holding items while Plaintiff was shopping.

8.

While Plaintiff was shopping, the basket on the scooter became snagged on a hook on a clothing display wall. Plaintiff did not know that the basket had become snagged on the hook.

9.

When Plaintiff attempted to move her scooter forward, the entire display wall crashed onto Plaintiff, causing her personal injuries.

10.

Defendants were negligent in the following ways:

(a)  Defendants failed to properly attach the clothing display wall to the actual wall;

(b)  Defendants failed to inspect their store to determine whether the clothing display wall was properly attached to the actual wall; and

(c)  Defendants failed to install ends or other protections on the clothing display wall hooks to prevent objects from becoming snagged on the hooks.

11.

As a result of the negligence of Defendants, Plaintiff has suffered economic damages for medical expenses. Plaintiff seeks an estimated $50,000.00 in medical expenses.

12.

As a result of the negligence of Defendants, Plaintiff has suffered noneconomic damages for pain and suffering, emotional distress, impaired living capacity, loss of enjoyment of life, and inconvenience and interference with her normal and usual activities. Plaintiff seeks $250,000.00 in noneconomic damages.

**DEMAND FOR RELIEF**

Plaintiff demands that this court enter a general judgment and money award in her favor and against Defendants that awards:

1. $50,000.00 in economic damages and $250,000.00 in noneconomic damages; and
2. An amount to be determined for costs and disbursements.

DATED:   September 30, 2020.

Respectfully submitted,

CLARKE GRIFFIN, LLC

_____
Nicholas O. Herman, OSB No. 143360 (Trial Attorney)
nick@clarkegriffin.com

Attorney for Plaintiff Deanna Tanner